IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (SCRANTON)

| | |
|---|---|
| RALPH CORRIERE,<br><br>     Plaintiff<br><br>     v.<br><br>BOWTECH, INC. and GANDER MOUNTAIN COMPANY, INC.,<br><br>     Defendants | NO: 3:09-cv-00995-ARC<br><br><br><br><br>JURY TRIAL DEMANDED<br>JUDGE CAPUTO |

**DEFENDANT GANDER MOUNTAIN COMPANY'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

AND NOW, comes Defendant Gander Mountain Company by its attorneys, Thomas, Thomas & Hafer, LLP, and answers Plaintiff's Complaint as follows:

1.     The allegations in Paragraphs 1, 4, 5, 6, 9, 10, 12-21, 27 and 31 are denied since after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in these paragraphs and proof thereof is demanded.

2. The allegations in Paragraphs 23, 25, 26, 29 and 30 are denied.

3. The allegations in Paragraphs 2, 3 and 7 are admitted except that the correct name of the Answering Defendant is "Gander Mountain Company."

4. The allegations in Paragraph 8 of the Complaint are admitted in part and denied in part. It is admitted that Bowtech sells its products to consumers in Pennsylvania through retail dealers such as Gander Mountain. As to the regularity of Bowtech's business in Pennsylvania and the extent of the company's dealer network in Lackawanna and Monroe Counties, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and proof thereof is demanded.

5. In response to Paragraph 11, it is admitted that Bowtech advertises its product. As to all of the details of this advertising, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and proof thereof is demanded.

6.	In response to the allegations in Paragraph 22, the Answering Defendant hereby incorporates its answers to Paragraphs 1 through 21 as if set forth at length.

7.	In response to the allegations in Paragraph 24, the Answering Defendant hereby incorporates its answers to Paragraphs 1 through 23 as if set forth at length.

8.	In response to Paragraph 28, Answering Defendant hereby incorporates its answers to Paragraphs 1 through 27 as if set forth at length.

WHEREFORE, Defendant Gander Mountain Company respectfully request that Plaintiff's Complaint be dismissed without cost to it.

## CROSSCLAIM V. BOWTECH, INC.

9.	If the allegations in Plaintiff's Complaint are proven true that the product purchased by Mr. Corriere was purchased at a Gander Mountain retail store, that the product was defective and caused him injury, then Bowtech, Inc., as manufacturer of the product, must indemnify Gander Mountain Company, or in the alternative, Bowtech, Inc. is liable to Gander Mountain Company, for contribution.

10. Bowtech, Inc. is contractually bound to defend and indemnify Gander Mountain Company under the circumstances pleaded in the Complaint.

WHEREFORE, Gander Mountain Company respectfully requests that judgment be entered in its favor.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's action is or may be barred by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff had a duty to mitigate damages and may have failed to do so.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim may be barred or reduced by virtue of his own comparative/contributory negligence.

### FOURTH AFFIRMATIVE DEFENSE

If the Plaintiff is able to prove that the product which allegedly caused his injury was manufactured by Bowtech, Inc. and sold by Gander Mountain Company, then Gander Mountain Company, had no notice or knowledge of any defective condition of the product.

### FIFTH AFFIRMATIVE DEFENSE

If the Plaintiff is able to prove that Bowtech, Inc. manufactured and Gander Mountain Company, sold the product which allegedly caused his injury, then Gander Mountain Company, asserts that the product was not defective or, alternatively, Gander Mountain Company, had no notice or knowledge of any existing defect.

### SIXTH AFFIRMATIVE DEFENSE

The incident and injuries alleged in Plaintiff's Complaint were brought about by parties other than the responding party and over whom the responding party and over whom the responding party had no control.

### SEVENTH AFFIRMATIVE DEFENSE

The incident and injuries alleged in Plaintiff's Complaint were or may have been brought about by misuse of the product.

### EIGHTH AFFIRMATIVE DEFENSE

The incident and injuries alleged in Plaintiff's Complaint were or may have been brought about by the Plaintiff's assumption of a known or obvious risk.

## NINTH AFFIRMATIVE DEFENSE

The risk of harm of which the Plaintiff complains was open and obvious and/or should have been known to the Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

The product about which the Plaintiff complains was or may have been materially altered after it left the control of the Answering Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

If it should be determined that the Answering Defendant sold the product in question, the Answering Defendant asserts that it exercised reasonable care pertaining to the sale of the product.

WHEREFORE, Gander Mountain Company respectfully requests that judgment be entered in its favor.

    Respectfully submitted,

    **THOMAS, THOMAS & HAFER, LLP**

    /s/ Kevin C. McNamara, Esquire
    By:_____
        Kevin C. McNamara, Esquire
        I.D.#58797
        305 North Front Street
        P.O. Box 999
        Harrisburg, PA  17108-0999

(717) 255-7231
Attorneys for Defendant Gander Mountain Company

DATE: 8/28/09

## CERTIFICATE OF SERVICE
_____

I, Kevin C. McNamara. Esquire, hereby certify that I have served a true and correct copy of the foregoing on the following by electronic filing the same on the 28th day of August, 2009:

Gerard J. Geiger, Esquire
Newman, Williams, Mishkin, Corveleyn, Wolfe & Fareri
712 Monroe Street
Stroudsburg, PA  18360
ggeiger@newmanwilliams.com

Philip W. Stock, Esquire
Law Office of Philip W. Stock
706 Monroe Street
Stroudsburg, PA  18360
pwstock@ptd.net

and by United States Postal Service, postage prepaid, to:

Bowtech, Inc.
90554 Highway 99 North
Eugene, OR  97402

**THOMAS, THOMAS & HAFER, LLP**

/s/ Kevin C. McNamara

By:_____
　　　Kevin C. McNamara, Esquire